**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREAS BUNTARAN, | No. 07-74659 |
| Petitioner, | Agency No. A096-357-126 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Andreas Buntaran, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part and grant in part the petition for review.

The record does not compel the conclusion that changed circumstances excused the untimely filing of Buntaran's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Therefore, we deny the petition as to Buntaran's asylum claim.

Although substantial evidence does not support the IJ's finding that Buntaran's encounter with the navy official was not on account of his Chinese ethnicity, *see Mihalev v. Ashcroft*, 388 F.3d 722, 727-28 (9th Cir. 2004), substantial evidence supports the IJ's determination that Buntaran failed to establish he suffered any harm that, even considered cumulatively, rose to the level of persecution, *see Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009); *see also Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995).

The BIA did not address Buntaran's contention that he has a clear probability of persecution as a member of a disfavored group. In light of our decision in *Wakkary*, we grant and remand for the BIA to assess Buntaran's withholding of removal claim under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

07-74659

Lastly, Buntaran does not challenge the denial of CAT relief in his opening brief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (issues not specifically and distinctly argued in the opening brief are waived).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**